Bullard, J.
On the 15th of November, 1836, Littleton Bailey, by an act passed before Binghurst, notary public, sold to Stephen E. Cuny a tract of land in the parish of Rapides, for §6350, payable in three equal instalments, for which Cuny executed his three promissory notes, endorsed by Philip M. Cuny, payable in the office of the Bank of Louisiana, at Alexandria. At the close of the act which sets forth these particulars, it is added, that to secure their payment, the property sold is mortgaged and hypothecated in favor of said Littleton Bailey, and the notes are paraphed by the notary to identify them with the act.
It appears that, on the same day, a copy of this act of sale was recorded in the office of the Recorder of Mortgages, of the parish of Rapides, and at the same time Bailey, the vendor caused to be written on the face of the record, the following declaration : “ The mortgage herein contained is hereby fully released and discharged, without, however, acknowledging the payment of the price of the purchase money.” Signed by L. Bailey, and attested by the Recorder of Mortgages.
Two of these notes were afterwards discounted by the Citizens Bank, and having been protested for non-payment at maturity, the present action was brought against the drawer and endorser.* Judgment was rendered in favor of the plaintiffs, for the amount of the notes subject to a credit; but the court refusing to order the land to be sold to pay the same, being of opinion, that the release of the mortgage by the vendor, carried with it the extinguishment of the vendor's privilege, the Bank appealed.
We have had this case a considerable time under advisement upon a re-hearing, and are now satisfied that the court below erred. The notes discounted by the plaintiffs, bore the paraph of the notary, and by reference to the act, the plaintiffs were informed of the nature of the debt of which they were the evidence, to wit, the price of the tract of land unpaid ; they may not have *281 taken the notes on the faith of the special mortgage reserved; but the effect of Bailey’s release of the mortgage could be no grealer, than if the clause in which the mortgage is reserved, had been expunged from, or never inserted in the deed. There will still remain enough to show that the vendor’s privilege resulted from the terms of the act. The release by Bailey appears to be wholly gratuitous, and no third person has acquired any right under it, so far as the record shows. All the parties to the original transaction, and they alone, are before us, except the plaintiffs, who advanced their money upon the faith of that contract. There is, undoubtedly a difference between a special mortgage reserved to secure the payment of the price of the thing sold, and the vendor’s privilege. The vendor’s privilege gives to the vendor in addition to the right to have the property sold to pay the price, a rank in relation to other creditors of the vendee, which he might not otherwise have. It confers upon the vendor a right to the rescission of the sale on the non-payment of the price; and Bailey, by transferring the notes, parted with these accessory rights, which vested in the plaintiffs as the holders of them. Under these circumstances, we are of opinion, that none of the parties have a right to gainsay the existence of the vendor’s privilege, as it results from the tenor of the deed passed before Bririg-hurst, independently of the special mortgage therein reserved; and that the parties cannot avail themselves of the release of that mortgage to the prejudice of the plaintiffs, who took the notes on the faith of their signatures and endorsements, and with reference to an act which showed a sale of land on credit, and an express acknowledgment, accompanying the release of the mortgage, that the price had not been paid.
It is, therefore, adjudged and decreed, that the judgment of the District Court, so far as it refused to order the land to be seized and sold, be reversed; and it is ordered and decreed, that the land be so seized and sold to satisfy the judgment therein rendered, and that the judgment of the District Court be affirmed in all other respects, with costs in both courts.

 And against Bailey.